MARGARET BAIRD, Plaintiff-Appellee, *v.* DANIEL W. SENNE, Defendant-Appellant—(FIRST ARLINGTON NATIONAL BANK, Garnishee-Appellee.)

(No. 57521;

First District (2nd Division)—July 5, 1973.

*Rehearing denied July 26, 1973.*

HAYES, J., dissenting.

Thomas D. Ahern, of Chicago, for appellant.

Leroy W. Nelson, of Arlington Heights, for appellee Margaret Baird.

Vincent F. Lucchese, of Chicago, for appellee First Arlington National Bank.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Defendant appeals from an adverse judgment in a garnishment proceeding. He contends that the judgment should be reversed because the funds involved were not properly subject to garnishment and the order appealed from is technically incorrect.

Plaintiff confessed judgment on defendant's promissory note in the principal amount of $2000. A garnishment suit was instituted against First Arlington National Bank (hereinafter garnishee bank). Summons and garnishment interrogatories were served on the garnishee bank on

December 14, 1971. The garnishee bank's answers to the interrogatories indicated that it had possession, custody or control of defendant's escrow checking account containing $1716.09. On January 11, 1972 the garnishee bank filed a motion stating that defendant had asserted that the checking account was a trust account not subject to garnishment. Defendant indicated that he would take legal action against the garnishee bank if the money in his account was paid to plaintiff. The bank requested the court to direct it as to whom it should pay the money. The trial court entered an order finding that $167.34 of the money in the account was the property of defendant and, as such, was subject to garnishment. The court also found that the remaining $1548.75 in the account might be subject to a claim that it was being held in trust for Slaton Furs. The court ordered that notice be given to Slaton Furs and continued the hearing to January 21, 1972.

At the January 21 hearing, William H. Slaton appeared and testified that he was the owner of Slaton Furs. He further testified that defendant brought a prospective fur coat buyer to Slaton Furs in December, 1971. The buyer purchased a fur coat and indicated that he desired to present it to his wife as a surprise Christmas gift. To ensure the surprise, the buyer issued a check in the amount of the purchase price of the coat to defendant who in turn issued a check to Slaton Furs which was dated December 9, 1971 and was drawn on his escrow account with the garnishee bank in the amount of $1548.75. Defendant's check was subsequently dishonored by the garnishee bank on December 16, 1971.

Defendant testified that Mr. Slaton notified him that the check had been dishonored. He borrowed money and used it to pay Slaton for the coat. He had not repaid that loan as of January 21, 1972.

Plaintiff presented no evidence at the hearing.

After hearing the above evidence and the argument of counsel, the trial court entered an order finding that Slaton Furs had no interest in the funds on deposit with the garnishee bank and that such funds were the property of defendant subject to garnishment. The garnishee bank was ordered to pay the money remaining in the account, $1548.75, to plaintiff.

Defendant contends that the proper date to use in resolving conflicting claims to a garnished bank account is the date on which a garnishment summons is served on the garnishee bank. He argues that on the date the summons was served on the garnishee bank in the instant case the funds in his checking account were held in trust by him for Slaton Furs and, therefore, were not subject to garnishment.

The applicable Illinois statute provides:

"(a) To the extent of the amount due upon the judgment and

costs, the garnishee shall hold, subject to order of court (1) any non-exempt indebtedness or (2) other non-exempt property in his possession, custody or control (a) belonging to the judgment debtor or (b) in which the judgment debtor has any interest. The judgment or balance due thereon (1) becomes a lien on the indebtedness and other property held by the garnishee at the time of service of garnishment summons and (2) remains a lien thereon pending the garnishment suit.

(b) The garnishee shall file, on or before the return date, or within the further time that the court for cause may allow, a written answer under oath to the interrogatories, *setting forth as of the date of service of the garnishment summons* (1) any indebtedness due or to become due to the judgment debtor and (2) any other property in his possession, custody or control (a) belonging to the judgment debtor or (b) in which the judgment debtor has an interest." Ill. Rev. Stat. 1971, ch. 62 par. 39. (Emphasis supplied.)

It has been held that the garnishment statute is to be strictly construed and its application is limited to debts owing at the time the garnishment answer is filed. (*National Home, Inc. v. American National Bank & Trust Co.*, 16 Ill.App.2d 111, 147 N.E.2d 412.) Thus, the question for our decision is whether the funds in defendant's account on December 14, 1971 belonged to him and were, therefore, subject to garnishment.

Initially we note that there is no dispute over the court's finding that $167.34 of the money in defendant's account was defendant's property and was subject to garnishment. This appeal concerns only the $1548.75 remaining in the account.

We are not convinced, as defendant argues, that the evidence adduced in the proceedings below was sufficient to establish a trust. However, the uncontradicted evidence does establish that, on the date the garnishment summons was served on the garnishee bank, the funds in question did not belong to defendant, but equitably belonged to either Slaton Furs or the fur coat buyer depending on whether or not the fur coat had been delivered. Therefore, since the money did not belong to defendant it was not subject to garnishment.

Inasmuch as our resolution of this issue requires a reversal we need not consider defendant's other contention on appeal.

Accordingly, the judgment is reversed.

Reversed.

DOWNING, J., concurs.

Mr. JUSTICE HAYES dissenting:

It is clear that Ill. Rev. Stat. 1971, ch. 62, sec. 39(b) provides that the date as of which the garnishee is to answer interrogatories is the date of service of the garnishment summons, and sec. 39(a) provides that the judgment of the garnishor becomes a lien on the property of the judgment debtor held by the garnishee as of that same date of service, and remains a lien pending the garnishment suit.

I concur in the holding of the majority that, as of the date of service in this case (14 December 1971), $1548.75 of the total amount of $1716.09, reported by the garnishee bank as standing to the credit of the judgment debtor's escrow account on that date, constituted funds which did not then belong to defendant-judgment debtor, but equitably belonged either to Slaton Furs or to the fur coat buyer. It follows that that portion of the escrow account was not subject to garnishment as of that date.

I disagree with the majority's holding that the disposition of this garnishment suit must be frozen as of that date. I agree that, in the usual garnishment case, interrogatories must be frozen as of that date; were it not so, the garnishee would be under the duty of filing amended answers to the date of the garnishment hearing, an impossible burden. I also agree that, in the usual garnishment suit, the lien of the judgment attaches to the property of the judgment debtor held by the garnishee as of that date. My difficulty lies in understanding why, *in this case*, the normal freezing date may not be extended.

I note in the first place that the garnishment statute expressly provides for the handling of third-party claims. (Ill. Rev. Stat. 1971, ch. 62, sec. 42(a) & (b).) I realize that those provisions must be construed to relate to third-party claims existing as of the date of service of the garnishment summons; claims coming into existence thereafter would clearly be junior to the garnishment lien. But third-party claims in existence at the service date which have ceased to exist as of the date of the garnishment hearing seem to me to present an entirely different matter, at least when the matter is raised in the manner in which it was raised in this case, namely, by the voluntary affirmative action of the garnishee bank itself.

The garnishee bank had been placed "in the middle" to its peril by the notice given to it by its depositor-judgment debtor that the account which it had reported it was holding for him contained trust funds belonging to a third-party (Slaton Furs), which funds were not subject to the garnishment lien, and by the threat of legal action against the garnishee bank, should it pay over such funds to the garnishor. The motion filed by the garnishee bank on 11 January 1972 on its own initiative is, in effect, a Bill of Interpleader designed to bring the third-

party claimant into the garnishment suit so that a complete determination of the rights of the parties might be had for the protection of the garnishee bank. Its one-page appellate brief and "argument" make its position in this case crystal clear.

It is this voluntary motion by garnishee bank itself which, to my mind, distinguishes this case from the usual garnishment case. At the hearing on the motion on the same day on which it was filed, the trial court received evidence from defendant-depositor, listened to arguments by defendant, plaintiff, and garnishee bank, and complied with the provisions of Ill. Rev. Stat. 1971, ch. 62, sec. 42(a) by directing that notice be given to the third-party claimant and by continuing the hearing to afford the claimant the opportunity to appear.

When the garnishment hearing was resumed on 21 January 1972, the third-party (Slaton Furs) was present in the person of the owner (William H. Slaton), who informed the court that he did indeed have a claim in existence on the service date as the equitable owner of funds in the amount of $1548.75, which funds constituted a portion of the funds in the amount of $1716.09 which garnishee had reported it was holding in the escrow account of defendant. He then, however, disclosed that he no longer had such a claim because the claim had been satisfied in the interim by the payment to him of $1548.75 from other funds of defendant.

The trial court was proceeding under the provisions of Ill. Rev. Stat. 1971, ch. 62, sec. 42(b), which directs that the third-party claim "shall be tried and determined with the other issues in the garnishment action". Under the circumstances of this case, I can see no useful purpose in insisting that the third-party claim be tried and determined as of the service date of the garnishment summons. No inconvenience or unfairness is involved in having the matter tried and determined as of the date of the garnishment hearing; on the contrary, inconvenience and unnecessary circuity of proceedings will result from not doing so.

Defendant's second contention on appeal goes to the form of the judgment order. Ill. Rev. Stat. 1971, ch. 62, sec. 43(c) provides that "if the finding or verdict is against the garnishee, judgment shall be rendered, or other orders entered, against the garnishee and in favor of the judgment debtor to whom the garnishee is indebted * * * for the use of the judgment creditor * * *." The order in this case was that the garnishee bank pay the sum of $1548.75 being held by the garnishee to the judgment creditor instanter. I would affirm the judgment of the trial court, and remand the case for entry of a proper order.